OveRton, J.
 

 delivered the following statement of the case and opinion of the Court: —
 
 [1]
 

 This bill seeks to impeach a decree in equity pronounced by one of the Circuit Courts of North Carolina.
 

 The decree was founded on a report of the master, on an account which appeared to have been taken and report made, in North Carolina, in the absence of the present complainant and his counsel. Owing to circumstances disclosed in the pleadings and evidence, it appears that notice of taking the account was not served. At that time Glasgow resided in this State; and his attorney swears that he was not served with notice, and if he had been he could not have attended to the suit. A change in the judiciary had taken place, by which means the cause was removed for trial to a distant county ; but he did not inform Glasgow of these facts.
 

 A decree passed against Glasgow in pursuance of the report thus made.
 

 It is insisted by the defendant’s counsel .that every judgment of a foreign court must be presumed correct, — which will throw the
 
 onus probandi
 
 upon the complainant. He must make out by precise and positive proof that the master made a mistake ; and that in this respect the cause, upon a bill being exhibited here, does not stand on the foot of ordinary cases in equity.
 

 It is admitted by the Court that every judgment, whether foreign or domestic, is
 
 prima facie
 
 correct; and where a full and fair trial or investigation has taken place it should not be disturbed.
 

 It is manifest that a full and fair trial did not take place in North Carolina. Glasgow was not present, nor had he a fair opportunity of being
 
 *352
 
 present. Upon this principle the decree ought to be open to investigation here.
 

 Haywood,
 
 and
 
 Whiteside,
 
 for the complainant.
 

 Gooke,
 
 for the. defendant.
 

 The complainant was, in the years 1788 and 1789, principal secretary of North Carolina, and the defendant’s intestate was private secretary to the governor. The private secretary was allowed a compensation for affixing to grants the seal, and this compensation was received by the complainant for the benefit of the private secretary.
 

 This was the foundation of the suit in equity in North Carolina; and from the face of the report and decree, it is manifest that the court there erred in point of law in allowing the private secretary of North Carolina to charge as his fee five shillings and four pence for each grant, whereas the law only allowed the sum of two shillings and eight pence.
 

 Let a decree be entered conformably to this
 
 opinion;
 
 but the complainant must pay the cost.
 

 [1]
 

 Original Note. — Absent White, J.